

Daniel J. Brown
Partner
T. 302-984-6309
F. 302-691-1229
djbrown@mccarter.com

McCarter & English, LLP
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801-3717
www.mccarter.com

January 31, 2025

**VIA CM/ECF & HAND DELIVERY**

The Honorable Maryellen Noreika
J. Caleb Boggs Federal Building
844 N. King Street, Unit 19, Room 4324
Wilmington, DE 19801-3555

**Re: *Gaucho Group Holdings Inc. v. 3i, LP et al*; C.A. No. 24-0212-MN**

Dear Judge Noreika:

We are counsel for Plaintiff Gaucho Group Holdings, Inc. ("Gaucho"), and write in response to the Court's Order directing Gaucho to "advise the Court if it will be seeking leave of the Bankruptcy Court to proceed with its claims against Defendants in this action." D.I. 99 (the "Order"); *see also* D.I. 101 (extending Gaucho's time to respond to January 31, 2025). To address the Court's question directly, yes, Gaucho is in the process of seeking leave of the U.S. Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court")[1] for its attorneys to proceed as special litigation counsel in this action.[2]

To be clear, it is Gaucho's position that all claims and defenses in connection with this dispute should be adjudicated in the Bankruptcy Action, where defendant 3i, LP has consented to jurisdiction over its claims and defenses against Gaucho through the filing of its Proof of Claim on January 21, 2025.[3] Accordingly, Gaucho intends to move this Court to transfer this case to the Bankruptcy Court, by way of the U.S. District Court for the Southern District of Florida. However, in light of Defendants' recently filed Motion for Judgment on the Pleadings [D.I. 103 ("Judgment Motion")], Gaucho must now make this request by cross-motion.[4]

---

[1] *In re Gaucho Group Holdings, Inc.*, Case No. 24-21852-BKC-LMI (Bankr. S.D. Fla.) (the "Bankruptcy Action").

[2] Either today or early next week, Gaucho will be filing an application requesting an order from the Bankruptcy Court authorizing the employment and retention of The Basile Law Firm P.C. as special *pro hac* litigation counsel. Delaware counsel McCarter & English, LLP is still in the process of conducting conflict checks on (1) Gaucho's known affiliates; (2) Gaucho's creditors identified on the *List of Creditors Who Have the 20 Largest Unsecured Claims and are Not Insiders*; (3) Gaucho's unsecured creditors; (4) Gaucho's secured creditors; (5) parties to agreements with Gaucho including, but not limited to, lessors and secured lenders; and (6) to the extent known, certain significant parties in interest. Provided there are no conflicts, Gaucho anticipates that its application for employment and retention of McCarter & English, LLP will be submitted to the Bankruptcy Court by next week as well.

[3] Bankruptcy Action, Claim No. 8.

[4] Gaucho will also be requesting, in the alternative, leave to amend its Complaint.

By way of background, on December 7, 2024, Defendants filed a letter urging the Court to issue an order confirming that "(i) the automatic stay of any claims against Gaucho does not prevent Gaucho from continuing to pursue its action against Defendants and no stay in in place as to that action, and (ii) in response, Defendants may defend themselves in the litigation, including by seeking dispositive relief." D.I. 102 at 2. Defendants have seemingly construed the Court's silence as tacit approval, as they took the liberty of filing their Judgment Motion on January 22, 2025, despite the Court's clear directive that Gaucho be afforded until January 31, 2025, to provide an update. *See* D.I. 101. This unauthorized filing by Defendants has effectively forced Gaucho—a company in the throes of an adversarial Chapter 11 proceeding—to expend limited resources in compensating two special-counsel law firms to protect its interests outside of the Bankruptcy Action.

Moreover, Defendants filed their Judgment Motion just **one day after** 3i filed its Motion to Dismiss Gaucho's Chapter 11 Proceeding or, in the alternative, Grant 3i Leave from the Automatic Bankruptcy Stay. *See* Bankruptcy Action, ECF No. 164. Stated differently, Defendants have sought permission from two separate courts to take certain measures against Gaucho, and before either court could respond, Defendants proceeded to undertake said measures. In light of Defendants' relentless litigation tactics aimed at derailing Gaucho's reorganization, on January 30, 2025, Gaucho was forced to file an Emergency Motion for an Order Enforcing the Automatic Stay and Awarding Sanctions for Intentional and Willful Violation of the Automatic Stay ("Emergency Motion"),[5] which requests relief in the form, *inter alia*, dismissal/withdrawal of the Judgment Motion.

Should the Bankruptcy Court determine the Emergency Motion in Gaucho's favor, the Judgment Motion filed in this Court would be rendered moot. As such, Gaucho respectfully requests that the Court extend its time to respond to the Judgment Motion to two weeks after the Bankruptcy Court resolves the Emergency Motion (if in 3i's favor). This course of action is consistent with the interests of justice, avoiding the possibility of inconsistent adjudications, and ensuring the preservation of resources of the Court, as well as the parties.

If, however, the Bankruptcy Court has not yet authorized the employment and retention of McCarter & English, LLP and The Basile Law Firm P.C. by the time it renders its decision on the Emergency Motion (if in 3i's favor), then Gaucho respectfully requests that the Court extend its time to respond to the Judgment Motion to two weeks after the Bankruptcy Court approves the undersigned as special litigation counsel.[6]

---

[5] *See* Bankruptcy Action, ECF No. 176 (also attached hereto as **Exhibit A**).

[6] Pursuant to D. Del. LR 7.1.1, counsel for the parties met and conferred on Gaucho's request for an extension of time to respond to the Judgment Motion. While Defendants have agreed to an extension by two weeks to and including February 20, 2025, Gaucho respectfully submits that setting a date certain would inevitably require another meet and confer if: (1) the Emergency Motion has not been decided within a sufficient amount of time in advance of February 20, 2025, and/or (2) the Bankruptcy Court does not approve the undersigned Delaware and *pro hac* counsels' engagement within a sufficient amount of time in advance of February 20, 2025.

We thank the Court for its attention to this matter.

Respectfully Submitted,

*/s/ Daniel J. Brown*

Daniel J. Brown (#4688)

cc: Counsel of Record (via CM/ECF and E-Mail)